**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

Name and address of Plaintiff:

Thomas L. Terry
#EJ-2540 - 801 Butler Pike
Mercer, PA - 16137-9651

v.

Full name, title, and business address
of each defendant in this action:

1 Donetta W. Ambrose Judge
3280 U.S. Post Office, Courthouse
700 Grant st. Pgh. PA. 15219

2 _____
_____
_____

Use additional sheets, if necessary
Number each defendant.

Civil Action No. 08-192

**FILED**

APR 8 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I.    Where are you now confined? S.C.I-Mercer

What sentence are you serving? 8 to 20

What court imposed the sentence? Common Pleas

II.    Previous Lawsuits

A.    Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit

Plaintiffs Thomas L. Terry - Defendants Helen Lynch,
@ James McGregor, James Hexl, Laura Fleck, Rachelle Terry

Defendants Robert E. Colville, Kimberkeley Clerk,
Stephen Zappala Jr., Ronald Waddy, Margaret Gold,

2.    Court (if federal court, name the district; if state court, name the county) and docket number
Common Pleas Court, Civil Action NO. GD-07-00-3616

_____

3. Name of judge to whom case was assigned _Hon. R. STANTON WeHicK JR._

4. Disposition (For example:  Was the case dismissed?  Was it appealed?  Is it still pending?)
_Dismissed_ _____

_____

5. Approximate date of filing lawsuit _02 - 21 - 07 / 9-27-06_

6. Approximate date of disposition _10/27/07_ _____

B. Prior disciplinary proceedings which deal with the same facts
   involved in this action:

   Where? _____N/A_____
   When? _____N/A_____
   Result: _____N/A_____
   _____
   _____

III.  What federal law do you claim was violated? _1983, 1985(2)(3)_
_1986, 1988, Civil Rights 1871, PRAJURY, FRAUd FALSe StATement, FRAUD_
_U.S. ConsT. 5th, 6th, 7th, 8th, 13th, 14th, AmendmentsT CONSPIRACY ect._

IV.  Statement of Claim   _Tamper with Evidence, FRAUDulent Concealment oF Evidence_
_OBstRucTion oF JustiCe_

   (State here as briefly as possible the facts of your case.  Do not give any legal arguments or cite
   any cases or statutes.  If you intend to allege a number of related claims, number and set forth each
   claim in a separate paragraph.  Use as much space as you need.  Attach extra sheet if necessary.)

A.  Date of event: _CourT DATE 7-6-9-93   EVENT 9-24-91_
_Common Pleas @ CourT_

B.  Place of event: _Allegheny CourthouSe PittsbuRgh PA._

C.  Persons involved--name each person and tell what that person did
    to you: _____
    _____Attached_____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

_____
_____
_____
_____

V.   Did the incident of which you complain occur in an institution or place of custody in this District?
If so, where? Common Pleas Court Allegheny County Pgh, PA
_____
and answer the following questions:

A.   Is there a prisoner grievance procedure in this institution?
Yes ( ) No (✓)

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ) No (✓)

C.   If your answer is YES,

1.   What steps did you take?   N/A
_____

2.   What was the result?   N/A
_____

D.   If your answer is NO, explain why not: My Case is involve
in This Action Section 1983, 1985 (2)(3) ect.

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( ) No (✓)

F.   If your answer is YES,

1.   What steps did you take?   N/A
_____

2.   What was the result?   N/A
_____

VL   Relief

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no
cases or statues.

Appointment of Counsel, That A Evidentaly Herains
Be Granted And sanction Place on Defendant(s) And DA's office

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____4-4-08_____                    Thomas L Terry
(Date)                              (Signature of Plaintiff)

III.  WHAT FEDERAL LAW DO YOU CLAIM WAS VIOLATED?

CONSPIRACY AGAINSTTRIGHTS OF CITIZENS; EQUAL PROTECTION U.S.C.A.
CONST. AMEND XIV, § 1., CIVIL RIGHT ACT 1871; FED.R.CIV.PROC.
RULE 9(b) PLEADING SPECIAL MATTER(A)(B)(C), FRAUD, MISTAKE,
CONDITION OF THE MIND; FALSE STATEMENTS MADE UNDER OATH CONSTITUTE
PERJURY; CIVIL RIGHTS ACT OF 1964 TITLE VII PROHIBITION OF
DESCRIMINATION "BECAUSE OF SEX PROTECTS MEN AS WELL AS WOMEN
CIVIL RIGHTS ACT OF 1964 § 703(a), 18 § 703(a)(1), AS AMENDED
42 U.S.C.A. § 2000e-2(a)(1); PERJURY 18 § 1621(1)(2), § 1622,
§ 1623(a)(b)(c); § 241; OBSTRUCTION OF JUSTICE, JURISDICTION
OF DISTRICT COURT OVER ACTION UNDER THIS SECTION 28 U.S.C.A.
1334; U.S.C.A. § 2000h-2 AUTHORIZING UNITED STATES TO INTERVENE
IN PRIVATE ACTION FOR RELIEF FROM DENIAL OF EQUAL PROTECTION
OF LAW UNDER FOURTEENTH AMENDMENT ON ACCOUNT OF RACE, COLOR,
RELIGION, SEX, OR NATIONAL ORIGIN. 19 ALR FED 731 (§7 SUPERSEDED
BY MEANING OF TERM CORRUPTLY; ACTION UNDER 42 U.S.C.A. §1985(2)(3)
OBSTRUCTION OF JUSTICE; CONCEALMENT OF FRAUDULENT TESTIMONY.
5TH,6TH,7TH,8TH,13TH,14TH, AMENDMENTS OF THE UNITED STATES
CONST.

IV.  STATEMENT OF CLAIM

(STATE HERE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE.
DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.
IF YOU INTEND TO ALLEGE A NUMBER OF RELATED CLAIMS, NUMBER
AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS
MUCH SPACE AS YOU NEED. ATTACH EXTRA SHEET IF NECESSARY.)

A.  DATE OF EVENT:  ALLEGHENY COUNTY COURTHOUSE, PITTSBURGH
PENNSYLVANIA 15219.  436 GRANT STREET COMMON PLEAS COURTHOUSE.

B.  PLACE OF EVENT:  ALLEGHENY COUNTY PITTSBURGH PA. EVENT
TOOK PLACE IN WILKINSBURGH PA. ON SOUTH AVENUE.

C.  PERSONS INVOLVED-NAME EACH PERSON AND TELL WHAT THAT
PERSON DID TO YOU. ATTACHED.

IV.    STATEMENT OF CLAIM:

(STATE HERE AS BRIEFLY AS POSSIBLE THE _FACTS_ OF YOUR
CASE DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES
OR STATUTES. IF YOU INTEND TO ALLEGE A NUMBER OF RELATED
CLAIMS, NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE
PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. ATTACH EXTRA
SHEET IF NECCSSARY).

1.    EXPERT WITNESS, THE EMERGENCY ROOM PHYSICIAN WHO EXAMINED
MRS RACHELLE TERRY, DID NOT FIND ANYTHING SIGNIFICANTLY WRONG
WITH MRS RACHELLE TERRY, OR NEUROLOGIC EXAM., THE EMERGENCY
ROOM DICTOR WAS ADMITTING PHYSICIAN ON 9/24/91, DOCTOR PANTALONE,
TRANSCRIPT (213-PARGARAPH 5-Q, 18-Q).

2.    DEFENDANT MRS RACHELLE TERRY, A WITNESS FOR THE COMMON
PLEAS COURT ON JULY 6-9,93, TESTIFY ON THE RECORDS THAT SHE
RECEIVED OVER (20) STITCHES IN HER HEAD ALSO RIGHT AND LEFT
SIDE OF THE HEAD MULTIPLE LACERATION REPORTED AT : TRANSCRIPT
(49-23-A) THE DEFENDANT MRS RACHELLE TERRY, ENTER INTO EVIDENCE
FALSE AND PERJUPIOUS TESTIMONY DURING TRIAL ON JULY 6-9,1993,
MRS RACHELLE TERRY IS IN VIOLATION OF PERJURY AND FALSE STATEMENTS
FRAUD.

3.    DEFENDANT SHELLEY STARK, ON APPEAL TO BOTH SUPERIOR
AND SUPREME COURT WILLFULLY REFUED TO DISCLOSE THE CONSPIRACY
INSTITUTED BY DETECTIVE JAMES HEYL, RACHELLE TERRY, LAURA
BETH FLECK, KIMBERKELEY CLARK; JAMES MCGREGOR ; ROBERT E.
COLVILLE; ALL THE PUBLIC DEFENDER WAS IN-FORMED BY PLAINTIFF
THOMAS L. TERRY, OF THE PERJURIOUS TESTIMONY OF WITNESSES
AT TRIAL AND DURING MOTION FOR NEW TRIAL AND/OR ARREST OF
JUDGMENT NUNC PRO TUNC HEARING ON 7/23/93, OF THE CONSPIRACY.
DEFENDANT SHELLEY STARK, IS IN VIOLATION OF HER DUTIES UNDER
RULES OF PROFESSIONAL CONDUCT OUTLINED IN THE AMENDED COMPLAINT,
FAILED TO REPORT UNPRIVILEGED KNOWLEDGE TO A TRIBUNAL OR
OTHER AUTHORITY EMPOWERED TO INVESTIGATE OR ACT UPON SUCH
VIOLATION AND SUCH MALICIOUS FRAUD BEING PERPETRATED UPON
THE COURT OF COMMON PLEAS, THE JURY AND PEOPLE OF THIS COMMONWEALTH.

4.    DEFENDANT CANDACE CAIN, FEDERAL PUBLIC DEFENDER, REPRESENTED
PLAINTIFF THOMAS L. TERRY, DURING HIS APPEALS TO BOTH SUPERIOR
AND SUPREME COURT WILLFULLY REFUED TO DISCLOSE THE CONSPIRACY
INSTITUTED BY DETECTIVE JAMES HEYL, RACHELLE TERRY, LAURA
BETH FLECK, KIMBERKELEY CLARK; JAMES MCGREGOR; ROBERT E.
COLVILLE; ALL PUBLIC DEFENDER WAS INFORMED BY PLAINTIFF THOMAS
L. TERRY, OF THE PERJURIOUS TESTIMONY OF WITNESSES AT TRIAL
AND DURING MOTION FOR NEW TRIAL AND/OR ARREST OF JUDGMENT
NUNC PRO TUNC HEARING ON 7/23/93, OF THE CONSPIRACY. DEFENDANT
SHELLEY STARK, IS IN VIOLATION OF HER DUTIES UNDER RULES
OF PROFESSIONAL CONDUCT OUTLINED IN THE AMENDED COMPLAINT,
FAILED TO REPORT UNPRIVILEGED KNOWLEDGE TO A TRIBUNAL OR
OTHER AUTHORITY EMPOWERED TO INVESTIGATE OR ACT UPON SUCH
VIOLATION AND SUCH MALICIOUS FRAUD BEING PERPETRATED UPON
THE COURT OF COMMON PLEAS, THE JURY AND PEOPLE OF THIS COMMONWEALTH.

5.    DEFENDANT LESTER G. NAUHAUS, PUBLIC DEFENDER, ESQ.,
REPRESENTED PLAINTIFF DURING HIS APPEAL TO BOTH SUPERIOR
AND SUPREME COURT AND AT TRIAL ON 7/6-9,93, IN THE COURT
OF COMMON PLEAS WILLFULLY REFUED TO DISCLOSE THE CONSPIRACY
INSTITUTED BY DETECTIVE JAMES HEYL, RACHELLE TERRY, LAURA
BETH FLECK; KIMBERKELEY CLARK,JAMES MCGREGOR; ROBERT E. COLVILLE;
ALL PUBLIC DEFENDER WAS INFORMED BY PLAINTIFF THOMAS L. TERRY,
OF THE PERJURIOUS TESTIMONY OF WITNESSES ABOVE AT TRIAL AND
DURING MOTION FOR NEW TRIAL AND/OR ARREST OF JUDGMENT NUNC
PRO TUNC HEARING ON 7/23/93, OF THE CONSPIRACY. DEFENDANT
LESTER G. NAUHAUS, IS IN VIOLATION OF HIS DUTIES UNDER RULES
OF PROFESSIONAL CONDUCT OUTLINED IN THE AMENDED COMPLAINT,
FAILED TO REPORT UNPRIVILEGED KNOWLEDGE TO A TRIBUNAL OR
OTHER  AUTHORITY EMPOWERED TO INVESTIGATE OR ACT UPON SUCH
VIOLATION AND SUCH MALICIOUS FRAUD BEING PERPETRATED UPON
THE COURT OF COMMON PLEAS, THE JURY AND PEOPLE OF THIS COMMONWEALTH.

6.    DEFENDANT DONETTA W. AMBROSE, AND FRANCIS CAIAZZA,
MAGISTRATE JUDGE(S) ON JANUARY 11, 200, AND MENTIONED IN
HABEAS CORPUS PROCEEDINGS AT (W.D.PA.CIV.NO.99-1695 ENTERED
BY THIS COURT AND MENTIONED SHOWS AND DEMONSTRATES "OVERT
AFFIRMATIVE ACTS AND OMISSIONS PERPETRATED BY THIS HONORABLE

COURT U.S.JUDGE DONETTA W. AMBROSE IN ITS FINAL ORDER DATED
FEBRUARY 20, 2001, THEREIN ADOPTING FRAUDULENT REPORT AND
RECOMMENDATION FILED BY U.S.MAGISTRATE JUDGE CAIAZZA ON JANUARY
11, 2001, AS THE OPINION OF THE COURT,i.e., INSTANT RECORD
SHOWS AND ESTABLISHES BY CLEAR AND CONVINCING EVIDENCE OF
RECORDS .

7.    DEFENDANT ROBERT E. COLVILLE'S AGENT KIMBERKELEY CLARK,
KNOWINGLY USED FALSE AND PERJURIOUS TESTIMONY AND FALSE AND
INADMISSIBLE EVIDENCE DURING TRIAL RUN CASE AT COM V. THOMAS
L. TERRY, SUPRA, i.e., THAT PLAINTIFF ASSAULTED HIS WIFE
AND THAT SHE HAD TO RECEIVE TWENTY(20) STITCHES IN HER HEAD.
TRANSCRIPT (49-23-A) IN SUPPORT HEREOF OF WHICH FOREGOING
DESCRIBED AND COMPLAINTED OF FALSE EVIDENCE WAS ADMITTED
IN EVIDENCE FRO THE SPECIFIC EVIL AND DISCRIMINATORY INTENT
TO CONTRIVE AN ILLEGAL CONVICTION AND FALSE IMPRISONMENT
OF YOUR PLAINTIFF FOR CRIMES AND OFFENSES HE DID NOT COMMIT.

8.    DEFENDANT TRIAL JUDGE JAMES MCGREGOR KNOWINGLY MADE
FALSE AND FICTITIOUS WRITINGS IN HIS "OFFICIAL CERTIFICATE
OPINION" DATED 7/6-9/93, 7/23/93, AT COM V. THOMAS L.TERRY,
SUPRA, CONCERNING THE FALSE EVIDENCE THAT PLAINTIFF WIFE
RECEIVED TWENTY(20) STITCHES IN HER HEAD, TO WHICH U.S. MAGISTRATE
JUDGE CAIAZZA ADOPTED TRIAL JUDGE MCGREGOR'S FRAUDULENT OPINION
THEREIN HIS REPORT DATED 1/11/01.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

THOMAS L. TERRY,
      PLAINTIFF,

    VS.

CITY OF PITTSBURGH AND ROBERT E.    )  CIVIL ACTION NO. 08-192
COLVILLE; KIMBERKELEY CLARK;     )
STEPHEN A. ZAPPALA JR.; RONALD    )  JURY TRIAL DEMANDED
WADDY; JAMES MCGREGOR; MARGARET  )
GOLD; HELEN LYNCH; LAURA BETH FLECK; )  AMENDED COMPLAINT
RACHELLE TERRY; LESTER G. NAUHAUS;  )
SHELLEY STARK; CANDACE CAIN; JAMES HEYL;
FRANCIS CAIAZZA; DONETTA W. AMBROSE;
IN THEIR INDIVIDUAL AND PERSONAL
CAPACITIES ARE BEING SUED.

## COMPLAINT

## 1. PRELIMINARY STATEMENT

PLAINTIFF DECLARES, AVERS (28 U.S.C. 1746) AND RESPECTFULLY
REPRESENTS THAT HE DID NOT COMMIT CRIMES CHARGED AT COM.
V. THOMAS L. TERRY, SUPRA, DATED JULY TERM NO. CC9115702
AND THAT COURT ACTED IN "CLEAR ABSENCE OF ALL JURISDICTION"
OVER SUBJECT MATTER AND PERSON OF PLAINTIFF THERETO. THIS
COURT IN MONTGOMERY V. DE SIMON, 159 F.3d 120 (3d Cir. 1988)
JUDICIALLY NOTED THAT:
CONGRESS CLEARLY CONCEIVED THAT IT WAS ALTERING THE RELATIONSHIP
BETWEEN THE STATES AND THE NATION WITH RESPECTS TO THE PROTECTION
OF FEDERALLY CREATED RIGHTS IT WAS CONCERNED THAT STATE INSTRU-
MENTALITIES COULD NOT PROTECT THE RIGHTS, IT REALIZED THAT
STATE OFFICERS MIGHT, IN FACT, BE ANTIPATHETIC TO THE CONDICTION
OF THOSE RIGHTS; AND IT BELIEVED THAT THESE FAILING EXTENDED
TO THE STATE COURT...
THE VERY PURPOSE OF SECTION 1983 WAS TO INTERPOSE THE PEOPLE,
AS THE GUARDIANS OF THE PEOPLE FROM UNCONSTITUTIONAL ACTION
UNDER COLOR OF STATE LAW (EMPHASIS ADDED)cf. MITCHUM V. FOSTER,
407 U.S. 225, 242 (1972).

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

THOMAS L. TERRY,                    )
        PLAINTIFF,                  )          CIVIL ACTION NO.08-192
                                    )
        VS.                         )          JURY TRIAL DEMANDED
                                    )
CITY OF PITTSBURGH AND              )          AMENDED COMPLAINT
LESTER G. NAUHAUS; SHELLEY STARK;  )\ )        FEDERAL RULES AND PROCEDURE
CANDACE CAIN; DONETTA W. AMBROSE;   )          RULE 15(a) & 19(a)
FRANCIS CAIAZZA; JAMES MCGREGOR;    )
DEFENDANT(S) ARE BEING SUED IN THEIR )
INDIVIDUAL AND PERSONAL CAPACITIES. )

PLAINTIFF **THOMAS L. TERRY,**  IS THE PLAINTIFF AND CITIZEN
OF THE COMMONWEALTH OF PENNSYLVANIA, TAX PAYER HE IS CURRENTLY
INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION, MERCER
801 BUTLER PIKE, MERCER PA. 16137-9651.

(A).   LESTER G. NAUHAUS PUBLIC DEFENDER OF ALLEGHENY COUNTY
AND FOR THE CITY OF PITTSBURGH, PENNSYLVANIA, HE IS DEFENDANT
AND CITIZEN OF THE  COMMONWEALTH OF PENNSYLVANIA, HIS PRINCIPLE
BUSINESS ADDRESS IS LOCATED AT 542 FORBER AVENUE, PGH, PA.
15219-2904.

(B).   SHELLY STARK, PUBLIC DEFENDER OF ALLEGHENY COUNTY
AND FOR THE CITY OF PITTSBURGH, PENNSYLVANIA, SHE IS DEFENDANT
AND CITIZEN OF THE COMMONWEALTH OF PENNSYLVANIA. HER PRINCIPLE
BUSINESS ADDRESS IS LOCATED AT 542 FORBES AVENUE, PGH, PA.
15219-2904.

(C).   CANDACE CAIN, FEDERAL PUBLIC DEFENDER, OF ALLEGHENY
COUNTY AND FOR THE CITY OF PITTSBURGH, PENNSYLVANIA , SHE
IS DEFENDANT AND  CITIZEN OF THE COMMONWEALTH OF PENNSYLVANIA,
HER PRINCIPLE BUSINESS ADDRESS IS LOCATED AT WESTERN DISTRICT
OF PENNSYLVANIA, LIBERTY AVENUE, SUITE 14 PGH, PA. 15222-3714.

(D).   DONETTA W. AMBROSE, JUDGE FRO THE WESTERN DISTRICT
OF PENNSYLVANIA, AND CITIZEN OF THE COMMONWEALTH AND HER/HIS
PRINCIPLE BUSINESS ADDRESS IS 3280 U.S. POST OFFICE, COURTHOUSE
700 GRANT STREET, PITTSBURGH, PA. 15219

(E). FRANCIS CAIAZZA, JUDGE FOR THE WESTERN DISTRICT OF
PENNSYLVANIA, AND CITIZEN OF THE COMMONWEALTH AND HER/HIS
PRINCIPLE BUSINESS ADDRESS IS 3280 U.S. POST OFFIC, COURTHOUSE
700 GRANT STREET, PITTSBURGH, PA. 15219.

## VI. ADDED DEFENDANT'S

(F). LESTER NAUHAUS, PUBLIC DEFENDER, ESQ., REPRESENTED
PLAINTIFF DURING HIS APPEAL TO BOTH SUPERIOR AND SUPREME
COURT AND AT TRIAL ON 7/6-9/93, IN COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, AND FOR THE CITY OF PITTSBURGH PENNSYLVANIA
HE WAS AT ALL TIMES DRELEVANT TO THIS ACTION A STATE ACTOR
AND ACTED IN CRIMINAL CONSPIRACY THEREWITH MUNICIPAL OFFICERS
TO DEPRIVE HIS CLIENT, THOMAS L. TERRY, HEREIN OF CONSTITUTIONAL
RIGHTS HE IS BEING SUED IN HIS INDIVIDUAL AND PERSONAL CAPACITIES.

(G). SHELLEY STARK, PUBLIC DEFENDER ESQ., REPRESENTED PLAINTIFF
DURING HIS APPEALS TO BOTH SUPERIOR AND SUPREME COURT AND
AT TRIAL ON 7/6-9/93, IN COURT OF COMMON PLEAS OF ALLEGHENY
COUNTY, AND FOR THE CITY OF PITTSBURGH PENNSYLVANIA SHE WAS
AT ALL TIMES RELEVANT TO THIS ACTION A STATE ACTOR AND ACTED
IN CRIMINAL CONSPIRACY THEREWITH MUNICIPAL OFFICERS TO DEPRIVE
HER CLIENT, THOMAS L. TERRY, HEREIN OF CONSTITUTIONAL RIGHTS
SHE IS BEING SUED IN HER INDIVIDUAL AND PERSONAL CAPACITIES.

(H). CANDACE CAIN, FEDERAL PUBLIC DEFENDER, REPRESENTED
PLAINTIFF DURING HIS APPEALS TO BOTH SUPERIOR AND SUPREME
COURT AND AT TRIAL ON 7/6-9/93, IN COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, AND FOR THE CITY OF PITTSBURGH PENNSYLVANIA
SHE WAS AT ALL TIMES RELEVANT TO THIS ACTION A STATE ACTOR
AND ACTED IN CRIMINAL CONSPIRACY THEREWITH MUNICIPAL OFFICERS
TO DEPRIVE HER CLIENT, THOMAS L. TERRY, HEREIN OF CONSTITUTIONAL
RIGHTS SHE IS BEING SUED IN HER INDIVIDUAL AND PERSONAL CAPACITIES.

(I). JAMES MCGREGOR , JUDGE, OF COMMON PLEAS COURT ALLEGHENY
COUNTY AND FOR THE CITY OF PITTSBURGH, HE WAS AT ALL TIMES
RELEVANT TO THIS ACTION A STATE ACTOR AND ACTED IN CRIMINAL
CONSPIRACY THEREWITH MUNICIPAL OFFICERS TO DEPRIVE THOMAS
L. TERRY, HEREIN OF CONSTITUTIONAL RIGHTS HE IS BEING SUED
IN HIS INDIVIDUAL AND PERSONAL CAPACITIES.

(J).    DONETTA W. AMBROSE, MAGISTRATE JUDGE, FOR UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
SHE WAS AT ALL TIMES RELEVANT TO THIS ACTION A STATE ACTOR
AND ACTED IN CRIMINAL CONSPIRACY THERWITH MUNICIPAL OFFICERS
TO DEPRIVE **THOMAS L. TERRY,** HEREIN OF CONSTITUTIONAL RIGHTS
SHE IS BEING SUED IN HER INDIVIDUAL AND PERSONAL CAPACITIES.

(K).    FRANCIS CAIAZZA, MAGISTRATE JUDGE, FOR THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AND CITIZEN OF THE COMMONWEALTH AND SHE/HE WAS AT ALL TIMES
RELEVANT TO THIS ACTION A STATE ACTOR AND ACTED IN CRIMINAL
CONSPIRACY THERWITH MUNICIPAL OFFICERS TO DEPRIVE **THOMAS
L. TERRY,** HEREIN OF CONSTITUTIONAL RIGHTS SHE/HE IS BEING
SUED IN HER/HIS INDIVIDUAL AND PERSONAL CAPACITIES.

## 11. JURISDICTION

THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. § 1983, § 1985(2)(3),
§ 1986, § 1988, CIVIL RIGHT UNDER § 1371, JURISDICTION IS
FOUNDER UPON 28 U.S.C. § 1331(1)(2)(3), AND THE AFOREMENTIONED
STATUTORY PROVISION PLAINTIFF FURTHER INVOKES JURISDICTION
UPON THIS HONORABLE COURT UNDER THE MANDATES OF LAW SET FORTH
IN KELLY V. GILBERT, 437 F.SUPP. 201, AT 212-214, (D.MONT.
1976)(THE NECESSITY OF A CONSTITUTIONAL RIGHTS SUFFICIENT
TO INVOKE FEDERAL JURISDICTION UNDER 42 U.S.C. § 1983, IS
ESTABLISHED BY AN ALLEGATION THAT STATE'S CRIMINAL PROCESS
FOR RETURNING AN INDICTMENT IS BEING USED TO DEPRIVE PLAINTIFF
OF DUE PROCESS OF THE LAW, AND WHEN PLAINTIFF HAS BEEN DENIED
AN EVIDENTIARY HEARING ON THOSE CLAIMS BY STATE COURTS).
AN EVIDENTIARY HEARING ON THOSE CLAIMS BY STATE COURTS).
AND MARTINEZ V. WINNER, 548 F.SUPP. 278, 300, 301 n. 35(D.COLC.
1982) 42 U.S.C. § 1983 CIVIL RIGHT SUIT AGAINST A PRESIDING
JUDGE IS AVAILABLE AS A COLLATERAL REMEDY ONLY IN THOSE CASES
IN WHICH COURT PROCEEDINGS HAVE BEEN A COMPLETE NULLITY"
CITING BOTONE V. LINDSLEY, 170 F.2d 705, 707, (10th Cir.(1964);
sareles v. sheehan, f. F.2d 490, 491 (7TH CIR.1993), CERT.
DENIED, 377 U.S. 932 (1964) EG., IN THOSE CASE WERE THE TRIAL
JUDGE HAS ACTED IN THE "CLEAR ADSENCE OF ALL JURISDICTION
ON THIS HONORABLE COURT.

## 111. PARTIES

PLAINTIFF THOMAS L. TERRY, IS PRESENTLY BEING ILLEGALLY DETAINED
AND UNLAWFULLY RESTRAINED OF HIS "HUMAN LIBERTY" AT SCRF-MERCER
.801 BUTLER PIKE, MERCER, PA. 16137-9651. IN DIRECT VIOLATION
OF HIS 4TH,5TH,6TH,7TH,8TH,13TH,14TH,, AMENDMENTS TO THE
UNITED STATES CONSTITUTIONAL RIGHTS, PLAINTIFF INCORPORATES
BY REFERENCE HIS FACTUAL ALLEGATION IN SUPPORT OF HIS CLAIMS
THAT PERSON ACTING UNDER COLOR OF STATE LAW HAVE MALICIOUSLY
DEPRIVED HIM OR RIGHTS WITHIN THE MEANING OF THE SECOND CLAUSE
OF U.S.C. § 1985(2)(3) [THAT] ARE SPECIFIAL OUTLINE THERIN
RELATED COURT ACTION.

1. PLAINTIFF,THOMAS L. TERRY, IS THE PLAINTIFF AND CITIZEN
OF THE COMMONWEALTH OF PENNSYLVANIA, TAX PAYER HE IS CURRENTLY

INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION, MERCER
801 BUTLER PIKE, MERCER, PA. 16137-9651.

2.     STEPHEN A. ZAPPALA JR., DISTRICT ATTORNEY, AND ASSISTANT
DISTRICT ATTORNEY RONALD M. WADDY JR,. DISTRICT OF ALLEGHENY
COUNTY AND FOR THE CITY OF PITTSBURGH, HE IS THE DEFENDANT
AND CITIZEN OF THE COMMONWEALTH OF PENNSYLVANIA, HIS PRINCIPLE
BUSINESS ADDRESS IS LOCATED AT 303 ALLEGHENY COUNTY COURTHOUSE,
436 GRANT STREET, PITTSBURGH PA, 15219.

3.     DEFENDANT ROBERT E. COLVILLE, EX-DISTRICT ATTORNEY,
KIMBERKELEY CLARK, EX-ASSISTANT DISTRICT ATTORNEY OF ALLEGHENY
COUNTY,AND FOR THE CITY OF PITTSBURGH, BOTH ARE CITIZEN OF
THE COMMONWEALTH OF PENNSYLVANIA, HIS/HER PRINCIPLE BUSINESS
ADDRESS IS LOCATED AT 303 ALLEGHENY COUNTY COURTHOUSE 436
GRANT STREET, PITTSBURGH, PA. 15219.

4.     DEFENDANT MARGARET GOLD ESQ., AND PUBLIC DEFENDER OF
ALLEGHENY COUNTY AND CITIZEN OF THE COMMONWEALTH OF PENNSYLVANIA
HER/HIS PRINCIPLE BUSINESS ADDRESS IS LOCATED AT 213-A ALLEGHENY
COURTHOUSE 436 GRANT STREET PITTSBURGH PA. 15219.

5.     DEFENDANT HELEN LYNCH ESQ., IS A LAWYER OF ALLEGHENY
COUNTY AND CITIZEN OF THE COMMONWEALTH OF PENNSYLVANIA, HER/HIS
PRINCIPLE BUSINESS ADDRESS IS LOCATED AT 600 LAWYERS BUILDING,
PITTSBURGH, PA 15219.

6.     DEFENDANT JAMES HEYL, IS A POLICE OFFICER AND DETECTIVE
FOR ALLEGHENY COUNTY AND CITIAZ CCITIZEN OF THE COMMONWEALTH
OF PENNSYLVANIA HIS PRINCIPLE BUSINESS ADDRESS IS LOCATED
AT 300 ALLEGHENY COUNTY COURTHOUSE PITTSBURGH, 15219.

7.     DEFENDANT JAMES MCGREGOR, JUDGE FOR ALLEGHENY COUNTY
AND FOR THE CITY OF PITTSBURGH, AND A CITIZEN OF THE COMMONWEALTH
OF PENNSYLVANIA, HIS PRINCIPLE BUSINESS ADDRESS IS LOCATED
AT 436 GRANT STREET, PITTSBURGH PA. 15219.

8.     DEFENDANT RACHELLE TERRY, WITNESS FOR ALLEGHENY COUNTY
AND FOR THE CITY OF PITTSBURGH, AND A CITIZEN OF THE COMMONWEALTH
OF PENNSYLVANIA , AND HER/HIS PRINCIPLE BUSINESS ADRESS IS
303DISTRICT ATTORNEY OF ALLEGHENY COUNTY PITTSBURGH PENNSYLVANIA
15219.

9.    DEFENDANT LAURA FLECK, M.D.    WITNESS FOR ALLEGHENY
COUNTY AND FOR THE CITY OF PITTSBURGH, HER PRINCIPLE BUSINESS
ADDRESS IS 303 DISTRICT ATTORNEY OFFICE 436 GRANT STREET
PITTSBURGH PA. 15219.

10.    LESTER G. NAUGAUS PUBLIC DEFENDER AND FOR THE CITY OF PITTSBURGH
PITTSBURGH, PA. AND CITIZEN OF THE COMMONWEALTH AND HIS/HER
PRINCIPLE BUSINESS ADDRESS IS PUBLIC DEFENDER OFFICE 542 E
FORBES AVENUE, PITTSBURGH PA. 15219-2904.

11.    SHELLEY STARK PA. ID.#19054, APPEAL ATTORNEY AND EX-
PUBLIC DEFENDER FOR THE CITY OF PITTSBURGH, AND CITIZEN OF THE
COMMONWEALTH AND HER/HIS PRINCIPLE BUSINESS ADDRESS IS THE C
PUBLIC DEFENDER OFFICE, 542 FORBES AVENUE, PITTSBURGH, PA.15219.

12.    CANDACE CAIN, PA. ID.#40663, PUBLIC DEFENDER AND FOR THE CI
CITY OF PITTSBURGH AND ALLEGHENY COUNTY, AND CITIZEN OF THE CO
COMMONWEALTH AND HER/HIS PRINCIPLE BUSINESS ADDRESS IS LIBERTY
AVENUE SUITE 14, PITTSBURGH PA. 15222-3714.

13.    FRANCIS CAIAZZA, JUDGE FOR THE WESTERN DISTRICT OF
PENNSYLVANIA, AND CITIZEE OF THE COMMONWEALTH AND HIS/HER
PRINCIPLE BUSINESS ADDRESS IS 3280 U.S. POST OFFICE, COURTHOUSE
700 GRANT STREET, PITTSBURGH, PENNSYLVANIA 15219.

14. DONETTA W. AMBROSE, JUDGE FOR THE WESTERN DISTRICT OF
PENNSYLVANIA, AND CITIZEN OF THE COMMONWEALTH AND HER/HIS
PRINCIPLE BUSINESS ADDRESS IS 3280 U.S.POST OFFICE, COURTHOUSE
700 GRANT STREET, PITTSBURGH, PA. 15219.

## IV.

15.    DEFENDANT CITY OF PITTSBURGH IS A MUNICIPALITY OF THIS
COMMONWEALTH OF PENNSYLVANIA AND OWN, OPERATES, MANAGE, DIRECT
AND CONTROLS PITTSBURGH POLICE DEPARTMENT, AND ALLEGHENY COUNTY
DISTRICT ATTORNEY'S OFFICE AND WHO EMPLOYES THE OTHER NAMED
DEFENDANT, INTER ALIOS, AND AS A MUNICIPAL CORPORATION FOR
THE CITY OF PITTSBURGH, IT IS RESPONSIBLE FOR IMPLEMENTATION
OF ADMINISTRATIVE POLICIES RELATING TO TRAINING, SUPERVISION
AND DISCIPLINE OF ALLEGHENY COUNTY POLICE OFFICER, AND DISTRICT
ATTORNEY OFFICE AND OTHER NAMED DEFENDANT HEREIN.

16.     DEFENDANT ROBERT E. COLVILLE, IS AND WAS AT ALL TIMES
RELEVANT TO THIS ACTION, A RESIDENT OF COMMONWEALTH A CITIZEN
OF THE UNITED STATES AND EMPOLYED BY COMMONWEALTH AS DISTRICT
ATTORNEY'S OF ALLEGHENY COUNTY IN 1993 AND 1997, IN ELECTED
CAPACITY, AND AS EXECTIVE MUNICIPAL POLICY-MAKER FOR DISTRICT
ATTORNEY OFFICE HAD AN AMINISTRATIVE AND MANAGERIAL DUTY TO
ESTABLISH TRAINING, SUPERVISION AND DISCIPLINARY POLICIES
TO ACTUAL MALICE AND WILLFUL MISCONDUCT) PERPETRATED BY POLICE
OFFICERS AND ASSISTANT DISTRICT ATTORNEY(S) EMPLOYED BY CITY
OF PITTSBURGH, HE IS BEING SUED IN BOTH HIS INDIVIDUAL AND
PERSONAL CAPACITIES.

17.     DEFENDANT KIMBERKELEY CDARK, AND AGENT OF ROBERT E.
COLVILLE, IS AND WAS AT ALL TIMES RELEVANT TO THIS ACTION,
A RESIDENT OF COMMONWEALTH, AN CITIZEN OF THE UNITED STATES
AND EMPLOYED BY COMMONWEALTH ASSISTANT DISTRICT ATTORNEY OF
ALLEGHENY COUNTY, PITTSBURGH PENNSYLVANIA, SHE IS BEING SUED
IN BOTH HER INDIVIDUAL AND PERSONAL CAPACITIES.

18.     DEFENDANT STEPHEN A. ZAPPALA JR., SUCCESSOR TO OFFICE
OF DISTRICT ATTORNEY HELD BY ROBERT E. COLVILLE, IS AND WAS
AT ALL TIMES RELEVANT TO THIS ACTION DISTRICT ATTORNEY OF
ALLEGHENY COUNTY PITSBURGH PENNSYLVANIA,  IN HIS APPOINTED
CAPACITIES, A RESIDENT OF COMMONWEALTH, A CITIZEN OF THE UNITED
STATES, AND AS EXECUTIVE MUNICIPAL POKICY-MAKER FOR DISTRICT
ATTORNEY'S OFFICE HAD AN ADMINISTRATIVE AND MANAGERIAL DUTY
TO ESTABLISH TRAINING, SUPERVISION AND DISCIPLINARY POLICIES
TO PREVENT AND DISCOURAGE 42 PA. C.S.A. § 8550 (CRIMES, ACTUAL
FRAUD, ACTUAL MALICE, AND WILLFUL MISCONDUCT) BEING MALICIOUSLY
PERPETRATED BY POLICE OFFICERS AND ASSISTANT DISTRICT ATTORNEY'S
EMPLOYED BY CITY OF PITTSBURGH, HE IS BEING SUED IN BOTH HIS
INDIVIDUAL AND PERSONAL CAPACITIES.

19.     DEFENDANT RONALD M. WADDY JR., AN AGENT OF STEPHEN
A. ZAPPALA JR., IS AND WAS AT ALL TIMES RELEVANT TO THIS ACTION
AND ASSISTANT DISTRICT ATTORNEY OF ALLEGHENY COUNTY IN APPOINTED
CAPACITIES, HE IS BEING SUED IN BOTH HIS INDIVIDUAL AND PERSONAL
CAPACITIES.

20.     DEFENDANT JAMES HEYL, IS AND WAS AT ALL TIMES RELEVANT
TO THIS ACTION, AN POLICE OFFICER, OF ALLEGHENY COUNTY CITY
OF PITTSBURGH, PENNSYLVANIA, POLICE DEPARTMENT OS UNDER DISTRICT
ATTORNEY ADMINISTRATION, HE IS BEING SUED IN BOTH HIS INDIVIDUAL
AND PERSONAL CAPACITIES.

21.     DEFENDANT, MARGARET GOLD, ESQ., AND PUBLIC DEFENDER
OFFICE, REPRESENTED PLAINTIFF DURING HIS APPEAL TO BOTH SUPERIOR
AND SUPREME COURT AND AT TRIAL ON 7/6-9/93, IN COURT OF COMMON
PLEAS OF ALLEGHENY COUNTY, AND FOR THE CITY OF PITTSBURGH
PENNSYLVANIA SHE WAS AT ALL TIMES RELEVANT TO THIS ACTION
A STATE ACTOR" AND ACTED IN CRIMINAL CONSPIRACY THEREWITH
MUNICIPAL OFFICERS TO DEPRIVE HER CLIENT, THOMAS L. TERRY,
HEREIN OF CONSTITUTIONAL RIGHTS SHE IS BEING SUED IN HER INDIVIDUAL
AND PERSONAL CAPACITIES.

22.     DEFENDANT HELEN LYNCH ESQ., ATTORNEY AT LAW, IS AND
WAS AT ALL TIMES RELEVANT TO THIS ACTION, A RESIDENT OF THE
COMMONWEALTH, COURT APPOINTED CAPACITY, SHE IS BEING SUED
IN HER INDIVIDUAL AND PERSONAL CAPACITIES.

23.     DEFENDANT RACHELLE TERRY, IS AND WAS AT ALL TIMES RELEVANT
TO THIS ACTION, A RESIDENT OF COMMONWEALTH A CITIZED OF THE
UNITED STATES AND SHE IS BEING SUED IN BOTH HER INDIVIDUAL
AND PERSONAL CAPACITIES.

24.     DEFENDANT LAURA BETH FLECK M.D., WAS AT ALL TIMES RELEVANT
TO THIS ACTION, A RESIDENT OF COMMONERLTH A CITIZED OF THE
UNITED STATES AND SHE IS BEING SUED IN BOTH HER INDIVIDUAL
AND PERSONAL CAPACITIES.

## V.

25.     PLAINTIFF, THOMAS L. TERRY, DUE PROCESS OF LAW HAVE
BEEN DEPRIVE AND STATE COURT HAVE WILLFULLY DENIED PLAINTIFF
AN EVIDENTIARY HEARING ON THOSE CLAIM.

26.     PLAINTIFF FURTHER SHOWS AND ESTABLISH BY CLEAR AND
CONVINCING EVIDENCE OF RECORD THAT DEFENDANT(S) DONETTA W.AMBROSE
_____, INTENTIONALLY AND DELIBERATELY AND NEGLIGENTLY
USE FALSE AND PERJURIOUS TESTIMONY AND FALSE AND PERJURIOUS
TESTIMONY INADMISSIBLE EVIDENCE TO CONTRIVE AN ILLEGAL CONVICTION
FOR CRIMES KNOWN TO FOREGOING NAMED DEFENDANT'S THAT PLAINTIFF

DID NOT COMMIT.

27.    THE DEFENDANT __DONETTA W. AMBROSE__, IS OF ALLEGHENY COUNTY AND FOR THE CITY OF PITTSBURGH, DURING TRIAL AT COM. THOMAS L. TERRY, SUPRA, DID NOT COMPLY WITH PROTECTIVE STATUTARY PROVIDIONS OF 19 P.S. §241.

28.    THAT DEFENDANT __DONETTA W. AMBROSE__, KNEW OR SHOULD HAVE KNOWN THAT HAD CONVENED A TRIAL ON JULY 6-9, 1993, IN CLEAR ABSENCE OF ALL JURISDICTION "OVER SUBJECT MATTER" AND PERSON OF PLAINTIFF IN STATE COURT PROCEEDING AT COM. V. THOMAS L. TERRY, SUPRA NO. CC9115702.

29.    THAT DEFENDANT __DONETTA W. AMBROSE__, HAD A DR 7-103(A)(B) & DR 7-102(B)(2) MANDATORY DUTY IN HER/HIS OFFICE OF ATTORNEY UNDER 42 PA. C.S.A. § 2522 TO REPORT UNPRIVILEGED KNOWLEDGE OF VIOLATION OF DR 7-102(A)(2) & DR 7-103(A)(B), TO REPORT TO A TRIBUNAL OR OTHER AUTHORITY EMPOWERED TO INVESTIGATE OR ACT UPON SUCH VIOLATION AND SUCH MALICIOUS FRAUD BEING PERPETRATED UPON THE COURT OF COMMON PLEAS, THE JURY AND PEOPLE OF THIS COMMONWEALTH cf. RULE OF PROFESSIONAL CONDUCT.

30.    THAT IT CAN BE PLAUIBLY INFERED THERE KROM DEFENDANT __DONETTA W. AMBROSE__, OVERT AFFERMATIVE ACT AND OMISSION IN THE PROGRESS OF A SINGLE AND CONTINUING CIVIL/CRIMINAL CONSPIRACT" FOR THE PURPOSE OF IMPEDING, HINDERING, OBSTRUCTING AND DEFEATING THE DUE COURSE OF "JUSTICE IN A CRIMINAL PROCEEDING" AT COM. V. THOMAS L. TERRY, SUPRA, INITIATE DATE JULY 6-9,93, IN CLEAR ABSENCE OF ALL JURISDICTION WITH THE SPECIFIC INTENT TO DENY PLAINTIFF, THOMAS L. TERRY, EQUAL PROTECTION OF THE LAW OF THIS COMMONWEALTH UNDER ART. 1. 1,9,10,11,13,14, & 20, 26, ART.VI. 2 AND LAWS OF THE UNITED STATES UNDER DUE PROCESS CLAUSE'S OF THE 1ST,4TH,5TH,6TH,7TH,8TH,13TH,AMENDMENTS AND EQUAL PROTECTION CLAUSE OF THE 14TH, AMENDMENTS.

31.    EXCEPT AS HEREINAFTER PROVIDED ON PERSON SHALL, FOR ANY INDICTABLE OFFENSE BE PROCEEDED AGAINST BE PROCEEDED AGAINST CRIMINALLY BY INFORMATION THAT IT SHOULD BE JUDICIALLY NOTED THAT PLAINTIFF DID NOT BECOME AWARE AND KNOWLEDGABLE OF FRAUDULENT AND FATALLY DEFECTIVE INDICTMENTS AT COM. V. THOMAS L. TERRY, SUPRA, UNTIL OR ABOUT MARCH 2, 2004, AS

A DIRECT AND PROXIMATE RESULT OF THE ILLEGAL AND UNLAWFUL
CONDUCT OF DEFENDANT  DONETTA W. AMBROSE , AND PERSON ACTION
FOR OR AS AGENTS THERETO,

32.    A JURY FOUND PLAINTIFF GUILTY OF FALSELY ACCUSED CHARGES
AT COM. V. THOMAS L. TERRY, SUPRA, AT NO TIME DID HE COMMIT
ANY ILLEGAL ACT, OR ENGAGE IN ANY CONDUCT WHICH IN ANY WAY
JUSTIFIED AN ARREST OF PLAINTIFF WITHOUT PROABLE CAUSE AND
FOR HIM TO BE TRIED IN "CLEAR ABSENCE OF ALL JURISDICTION
OVER SUBJECT MATTER" AND PERSON OF PLAINTIFF IN STATE COURT
PROCEEDING AT COM. V. THOMAS L. TERRY, SUPRA.

33.    AN ATTORNEY ENGAGES IN MISCONDUCT WITHIN THE MEANING
OF 42 PA. C.S.A. § 4132 IF HIS /HER BEHAVIOR IS CALCULATED
TO HINDER THE SEARCH FOR THE TRUTH, AND SEE RULES OF PROFESSIONAL
CONDUCT, WHICH ARE PERTINENT AND RELEVANT OF THE COURT TO
CONSIDER:
A.) R.P.C. 3.3 (A)(1)-WHICH PROHIBITS AN ATTORNEY FROM KNOWINGLY
MAKING A FALSE STATEMENT OF MATERIAL FACT OR LAW TO A TRIBUNAL.

B.) R.P.C. 3.3(A)(2)-WHICH PROHIBITS AN ATTORNEY FROM KNOWINGLY
IS NECESSARY TO AVOID ASSISTANTING A CRIMINAL OR FRAUDULENT
ACT BY THE CLIENT.

C.) R.P.C. 3.5.(A)-WHICH PROHIBITS AN ATTORNEY FROM SEEKING
TO INFLUENCE A JUDGE OR OTHER OFFICIAL BY MEANS PROHIBITED
BY THE LAW.

D.) R.P.C. 8.5.(A)-WHICH PROHIBITS AN ATTORNEY FROM ENGAGING
IN CONDUCT INVOLVING DISHONESTY, FRAUD, DECEIT AND MESREPSENTATION.

E.) R.P.C. 3.4.(B)-WHICH PROHIBIT AN XXXX ATTORNEY FROM FALSIFYING
EVIDENCE, COUNSEL OR SASSIST A WITNESS TO TESTIFY FALSELY.

## VI. FACTS

34.    DEFENDANT, DONETTA W. AMBROSE , EMPLOYED BY ALLEGHENY
COUNTY AND FOR THE CITY OF PITTSBURGH, NEGLIGENTLY AND LNOWNINGLY
AND DELIBERATELY KNEW OR SHOULD HAVE KNOWN THAT SHE/HE WAS
PRACTICING FRAUD AND DECEIT UPON THE COURT AND IN THE PRESENCE
OF THE COURT.

35.    DEFENDANT,  DONETTA W. AMBROSE , CONSPIRED TO WILLFULLY

CAUSE "FRAUDULENT CONCEALMENT" OF THE PERJURIOUS TESTIMONY
AND INADMISSIBLE EVIDENCE APPARENTLY ON THE FACE OF THE
RECORDS OF COMMONWEALTH COURT OF ALLEGHENY COUNTY, CITY
OF PITTSBURGH, PENNSYLVANIA, AT COM. V. THOMAS L. TERRY,
SUPRA.

36.    UPON INFORMATION AND BELIEF, MRS TERRY A WITNESS
FOR THE COMMONWEALTH ENTER INTO EVIDENCE THAT SHE RECEIVED
OVER (20) STITCHES IN HER HEAD ALSO RIGHT AND LEFT SIDE OF
THE HEAD MULTIPLE LACERATION AT EXHIBIT #NO.1 (TR. 49) THE
DEFENDANT MRS RACHELLE TERRY, ENTER INTO EVIDENCE FALSE
AND PERJURIOUS TESTIMONY DURING TRIAL ON JULY 6-9, 1993,

37.    UPON INFORMATION AND BELIEF, EXPERT WITNESS DOCTOR
PANTALONE, THE EMERGENCY ROOM PHYSICIAN WHO EXAMINED HER
DID NOT FIND ANYTHING SIGNIFICANTLY WRONG WITH MRS RACHELLE
TERRY NEUROLGIC EXAM, THE EMERGENCY ROOM DOCTOR WAS ADMITTING
PHYSICIAN ON 9-24-91, DOCTOR PLANTALONE, ATTACHED AS EXHIBIT
#NO. 2 (TRANSCRIPT 213-PARGARAPH 5-Q AND 18-Q).

38.    UPON INFORMATION AND BELIEF, EVIDENTIARY RULINGS
ADMITTING INTO EVIDENCE THE HAMMER AND WRENCH WERE ERONEOUS
AND PERJUDICIAL TO THE DEFENSE SINCE NO ONE COULD ESTABLISH
THAT EITHER OF BOTH OF THESE WERE WEAPONS WIELDED BY MR.
THOMAS L. TERRY, OTHER THAN SPECULATIVELY.
EXHIBIT #NO. 3. (TR.109 PARGARAPH 12-Q ¶ 21-Q AND ¶ A).

39.    UPON INFORMATION AND BELIEF, THE COMMONWEALTH FAILED
TO PROVE THAT MRS RACHELLE TERRY, SUFFERED SERIOUS BODILY
INJURIES IN THE HOSPITAL RECORDS INDICATED THAT MRS TERRY'S
WOUNDS WERE SUPERFICIAL IN NATURE; AND EEG TAKEN AT THE
TIME OF HER ADMISSION WAS NORMAL IN ALL RESPECTS.

40.    DEFENDANT RACHELLE TERRY, THE HOSPITAL RECORDS INDICATE
THAT MRS RACHELLE TERRY, WOUNDS WERE SUPERFICIAL IN NATURE
AND NOTHING WHAT SO EVER INDICATING OR SUPPORT COMMONWEALTH
EVIDENCE OF (20) STITCHES TO CLOSE A HEAD WOUND (TRANSCRIPT
213-5-25QQ, TRANSCRIPT 214-PARGARAPH 1-A-10-Q.

41.    DEFENDANT JAMES HEYL, AND JUNECKO, TESTIMONY OF TWO
POLICE OFFICERS, DETECTIVE JAMES HEYL, AND DETECTIVE JUNECKO, TE

TESTIFIED CONCERNING HIS INVESTIGATION AND A STATEMENT OF
ALLEGED VICTIM TO THE JURY AT COMMON PLEAS COURT CITY OF
PITTSBURGH AND ALLEGHENY COUNTY, EXHIBIT #NO.3. TRANSCRIPTS
ATACHED AS (TR.106) PARAGRAPH 7-A, THE TRANSCRIPTS STATES
COMMONWEALTH WITNESS DETECTIVE JAMES HEYL, ON JULY 6-9,1993,
IN THE COURT OF COMMON PLEAS TESTIFY BEFORE HONORABLE JAMES
MCGREGOR, STATES THAT MRS RACHELLE TERRY, THE FIRST THING
HE NOTICE ABOUT HER WAS HER LIPS AND HER FACE WERE VERY
SWOLLED, IN THE LEFT SIDE OF HER HEAD SHE HAD A LACERATION
WHICH HAD BEEN SUTURED AND WAS STILL SEEPING BLOOD, ON THE
RIGHT OF HER HEAD ANOTHER LACERATION WHICH HAD BEEN SUTURED,
DETECTIVE JAMES HEYL, OFFER FALSE STATEMENT UPON THE COURT
WHICH CONSTITUE PERJURY UNDER § 322 OF THE PENAL CODE OF
JUNE 24, 1939, PSS. § 4322 § 481 FALSE STATEMENTS.

42.    DEFENDANT(S) ROBERT E. COLVILLE; KIMBERKELEY CLARK;
STEPHEN A. ZAPPALA; RONALD WADDY; AND COURT APPOINTED ATTORNEY
MARGARET GOLD; HELEN LYNCH; LESTER G. NAUHAUS PUBLIC DEFENDER;
SHELLEY STARK; CANDACE CAIN; FRANCIS CAIZZA; DONETTA W.
AMBROSE; IN THEIR CAPSCITIES AS COURT APPOINTED ATTORNEIES
AND DISTRICT ATTORNEY(S) OF ALLEGHENY COUNTY CITY OF PITTSBURGH,
DURING TRIAL AT COM. V. THOMAS L. TERRY, SUPRA, DID NOT
COMPLY WITH PROTECTIVE STATUTARY PROVISION OF 19 P.S.§ 241.

43.    UPON INFORMATION AND BELIEF, THE SPEECH TEST THAT
WAS CONDUCTED BY SPEECH PATHOLIGIST DEBORAH WILSON DURING
MRS TERRY'S HOSPITALIZATION THE INJURIES TO THE SKULL WERE
ALSO DESCRIBED BY MS. WILSON AS SUPERFICIAL, WITHOUT TRAUMATIC
BRAIN OR LANGUAGE DEFICITS(TR.220).

44.    DEFENDANT  DONETTA W. AMBROSE , EMPLOYEE FOR THE
CITKY OF PITTSBURGH, AND ALLEGHENY COUNTY, IN HER/HIS PERSONAL
AND INDIVIDUAL COPACITIES AS EMPLOYEE WAS RECKLESS AND ACTED
WITH WANTON DISREGARD TO THE INTERESTS OF PLAINTIFF THOMAS
L. TERRY, IN CRIMINAL CASE.

45.    DEFENDANT  DONETTA W.AMBROSE    , EMPLOYED BY THE
CITY OF PITTSBURGH AND ALLEGHENY COUNTY, IN HIS/HER PERSONAL
AND INDIVIDUAL CAPACITIES WAS RECKLESS EXHIBITED CULPABLE
CONDUCT WHICH WAS THE PROXIMATE CAUSE OF PLAINTIFF, THOMAS
L

**L. TERRY,** TO BE CONVICTED WHO WEULD HAVE OBTAINED AN AQUITAL
OR COMPLETE DISMISSAL OF THE CHARGES.

46.     DEFENDANT __DONETTA W. AMBROSE__, EMPLOYEU FOR THE CITY
OF PITTSBURGH AND ALLEGHENY COUNTY, HER/HIS PERSONAL AND INDIVIDUAL
CAPACITIES AS EMPLOYEE ACTED WITH SUCH NEGLIGENCE TO BE THE
PROXIMATE CAUSE OF DAMAGE TO PLAINTIFF **THOMAS L. TERRY,**.

47.     DEFENDANT __DONETTA W. AMBROSE__, EMPLOYEE FOR THE CITY
OF PITTSBURGH AND ALLEGHENY COUNTY, IN HER/HIS PERSONAL AND
INDIVIDUAL CAPACITIES WAS THE PROXIMATE CAUSE FOR PLAINTIFF
**THOMAS L. TERRY,** TO SUFFER BOTH PHYSICAL AND EMOTIONAL DISTRESS,
MENTAL ANGUISH, PSYCHOLOGICAL INJURY, EMBARRASSMENT, HUMILIATION,
OR MORTIFICATION, AS A CONSEQUENCE IN BREACHING AN ATTORNEY
AND CLIENT AGREEMENT PROVIDING BEST EFFORTS INVOLVING THE
CRIMINAL CASE, FAILURE TO RAIS THE ISSUES OF ERROR'S PERJURY
AND FRAUDULENT CONCEALMENT OF PERJURIOUS TESTIMONY APPARENT
ON THE FACE OF TEE RECORDS AND TRANSCRIPTS AND PLAINTIFF **THOMAS
L. TERRY,** WAS PREJUDICED AS A RESAULT OF BOTH COUNSEL ACTIONS
VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS.

48.     THAT IT CAN BE PLAUIBLY INFERRED THERE FROM DEFENDANT(S)
ROBERT E. COLVILLE; KIMBERKELEY CLARK; STEPHEN A. ZAPPALA
JR.; JAMES MCGREGOR; JAMES HEYL; MARGARET GOLD; HELEN LYNCH;
RACHELLE TERRY; LAURA FLECK; LESTER G. NAUHAUS; SHELLEY STARK;
CANDACE CAIN; FRANCIS CAIAZZA; DONETTA W. AMBROSE; OVERT AFFERMATIVE
ACT AND OMISSION IN PROGRESS OF A SINGLE AND CONTINUING CIVIL/CRIMINAL
CRIMINAL "CONSPIRACY" FOR THE EURPOSE OF IMPEDING, HINDERING,OBSTRUCTION
AND DEFEATING THE DUE COURSE OF "JUSTICE IN A CRIMINAL PROCEEDING"
AT **COM. V. THOMAS L. TERRY,** SUPRA.

49.     SHOWS AND ESTABLISH, BY CLEAR AND CONVINCING EVIDENCE
OF RECORD, MALICIOUS FRAUD BEING PERPETRATED UPON THE COURT
AND IN THE PRESENCE OF THE COURT THERETO, COMMONWEALTH WITNESS
MRS RACHELLE TERRY, ON JULY 6-9, 1993, TESTIFY BEFORE HONORABLE
JUDGE MCGREGOR, CLAIM THAT SHE RECEIVE (20) STITCHES AS A
HEAD WOUND, REPORTED AT (TR.49) SHE IN VIOLATION OF PERJURY
LAWS OF THIS COMMONWEALTH UNDER TITLE 18 § 4902 AND TITLE
21

18 U.S.C.A. § 1001(A)(1)(2)(3) FRAUD AND FALSE STATEMENTS ON THE REC
RECORDS OF THIS COURT.

50.    SHOWS AND ESTABLISH, BY CLEAR AND CONVINCING EVIDENCE
OF RECORD, MALICIOUS FRAUD BEING PERPETRATED UPON THE COURT
AND IN THE PRESENCE OF THE COURT COMMONWEALTH WITNESS DETECTIVE
JAMES HEYL, ON JUNE 6-9, 1993, STATED ON RECORD AND TRANSCRIPTS
TESTIFY BEFORE HONORABLE JAMES MCGREGOR IN THE COURT OF
COMMON PLEAS AT TRANSCRIPTS (106-7-A) THAT JAMES HEYL, STATED
THAT THE FIRST THING HE NOTICED WAS HER LIPS AND HER FACE
WERE VERY SWOLLED ON THE LEFT SIDE OF HER HEAD SHE HAD A
LACERATION WHICH HAD BEEN SUTURED AND WAS STILL SEEPING
BLOOD, ON THE RIGHT OF HER HEAD ANOTHER LACERATION WHICH
HAD BEEN SUTURED. DETECTIVE JAMES HEYL, OFFER FALSE STATEMENT
UPON THE COURT WHICH CONSTITUTE PERJURY UNDER § 322 OF THE
PENAL CODE OF JUNE 24, 1939, P.S. 872 P.S. §872 P.S. § 4322
§ 418. FALSE STATEMENT.

51.    SHOWS AND ESTABLISH BY CLEAR AND CONVINCING EVIDENCE
OF RECORDS, MALICIOUS FRAUD BEING PERPETRATED UPON THE COURT
AND IN THE PRESENCE OF THE COURT THERETO LAURA BETH FLECK
M.D. INTENTIONALLY AND DELIBERATELY AND KNOWNLY USED FALSE
ANND PERJURIOUS TESTIMONY AND INADMISSIBLE EVIDENCE APPARENTLY
ON THE FACE OF THE RECORDS AND TRANSCRIPTS (TR. 199-3-QANND
Q-8), LAURA BETH FLECK, M.D. TESTIFY SHE SAW MULTIPLE LACERATIONS
AND ABRASOON TO RACHELLE TERRY, HEAD, NECK, FACE AND ARMS
SHE HAD SEVERAL LARGE LACERATIONS PARTICULARLY OVER THE
LEFT SIDE OF THE HEAD AND HER FACE WAS VERY SWOLLED, THE
DOCTOR ENTER PERJURIOUS TESTIMONY WHICH CONSTITUTED PERJURY
U.S.C.A. AMENDS TITLE 18 § 4902.

52.    SHOWS AND ESTABLISH BY CLEAR AND CONVINCING EVIDENCE
OF RECORD MALICIOUS FRAUD BEING PERPETRATED UPON THE COURT
IN THE PRESENCE OF THE COURT THERETO, KIMBERKELEY CLARK,
INTENTIONAL AND DELIBERATELY AND KNOWNLY USE FALSE AND PERJURIOUS
TESTIMONY AND INADMISSIBLE EVIDENCE APPARENT ON THE FACE
OF THE TRANSCRIPTS TESTIVY OPENING STATEMENT THAT MRS RACHELLE
TERRY, HEAD WAS SPLIT WIDE OPEN REPORT AT (TR. 22-23.) WHICH
CONSTITUTE PERJURY IN VIOLATION OF TITLE 18 §4902 AND

42 PA. C.S.A. § 8550 U.S.C.A. AMENDS 5TH,8TH,14TH, AMENDMENTS.

53.    DEFENDANT TRIAL JUDGE JAMES MCGREGOR KNEW THAT WRITING
IN HIS "OFFICIAL CERTIFICATE OPINION WERE DESIGN FOR PURPOSE
OF CONCEALMENT OF MATERIAL FACTS IN A MATTER WITHIN THE
JURISDICTION OF SAID COURT TO REVIEW AND CONSIDER AT COM.
V. THOMAS L.TERRY, SUPRA, DATED 7/6-9, 1993, CONCERNING
THE FALSE EVIDENCE THAT PLAINTIFF WIFE RECEIVED TWENTY (20)
STITCHES IN HER HEAD, TO WHICH U.S. MAGISTRATE JUDGE CAIAZZA
AND DONETTA W. AMBROSE; ADOPTED TRIAL JUDGE MCGREGOR'S FRAUDULENT
OPINION THEREIN IS REPORT DATED 1/11/01, U.S.C.A. AMENDS
5TH,8TH,14TH, AMENDMENTS, SEE 18 U.S.C. §§ 1001, 1018, SHOWS
AND ESTABLISHES, BY CLEAR AND CONVINCING EVIDENCE OF RECORD.

54.    DEFENDANT MARGARET GOLD ESQ., PUBLIC DEFENDER WILLFULLY
REFUED TO DISCLOSE THE CONSPIRACY INSTITUTED BY DETECTIVE
JAMES HEYL, RACHELLE TERRY, LAURA FLECK, KIMBERKELEY CLARK,
JUDGE MCGREGOR, THEREWITH COMMONWEALTH WITNESSES ON 7-6-9-93,
MARGARET GOLD, WAS INFORMED BY THOMAS L. TERRY, OF THE PERJURIOUS
TESTIMONY OF WITNESSES AT TRIAL AND DURING MOTION FOR NEW
TRIAL AND/OR ARREST OF JUDGMENT NUNC PRO TUNC HEARING ON
7/23/93, OF THE CONSPIRACY.

55.    DEFENDANT HELEN LYNCH, FAIL TO INFORM THE AUTHORITY
EMPOWERED TO INVESTIGATE OR ACT UPON MALICIOUS FRAUD BEING
PERPETRATED UPON THE COURT AND IN THE PRESENCE OF THE COURT
OF COMMON PLEAS ON 7-6-9-93, AND PCRA HEARING.

56.    EXPERT WITNESS DOCTOR PLANTLONE THE EMERGENCY ROOM
PHYSICIAN WHO EXAMINED HER MRS TERRY, DID NOT FIND ANYTHING
SIGNIFICANTLY WRONG WITH MRS RACHELLE TERRY NEUROLEGIC EXAM,
THE EMERGENCY ROOM DOCTOR WAS AMITTING PHYSICIAN ON 9-24-91,
DOCTOR PANTALONE (TR. 214-216) THE RECORDS STATED THAT MRS
RACHELLE TERRY WOUND AND WITH OUT ANY OR AT LEAST AS FAR
AS HER RECORDS THEY ARE SUPERFICIAL WOUND ACCORDING TO HER
REPORTS (216-220), THE SPEECH TEST THAT WAS CONDUCTED BY
SPEECH PATHOLOGIST DEBORAH WILSON DURING MRS RACHELLE TERRY'S
STAY AT HOSPITAL THE INJURIES TO THE K SKULL WERE ALSO DECRIBED
BY MS. WILSON TO BE SUPERFICIAL.

57.    THE EFFORT DESCRIBED IN THE PROCEEDING <u>PARAGRAH 44-63</u>
ARE CONSPIRATORIAL IN NATURE AND HAS INVOLVER DEFENDANT'S
DETECTIVE JAMES HEYL, POLICE OFFICER, AND DR. LAURA FLECK
M.D. HAS THE AUTHORITY OF DISCIPLINE, INVESTIGATION AND/TRAINING,
WHICH IN THE INSTANT CASE, PLAINTIFF SUFFERS MENTALLY, MEDICAL
CONDITIONS EACH DEFENDANT KNEW ABOUT AND THE FALSE TESTIMONY,
FAILED TO DESCIPLINE, INVESTIGATION AND/OR PROVIDE ADEQUATE
TRAINING TO SUBORDINATE EMPLOYEE'S.

58.    ALL OF THE DEFENDANT'S ACTED IN THEIR OFFICIAL CAPACITIES
WITHIN THE ACTS/ INACTION OF AMINISRATION/OFFICIAL AND INDIVIDUALLY
AND PERSONALLY, EACH KNEW THAT EMPLOYEE'S WILL CONFRONT
A PARTICULAR SITUATION; THE INVOLVES A DIFFICULT CHOICE
AND HISTORY OF EMPLOYEE'S MISHANDLING, AND THE WRONG CHOICE
AND HISTORY OF EMPLOYEE'S MISHANDLING, AND THE WRONG CHOICE
AND FREQUENTLY CAUSE DEPRIVATION OF CONSTITUTIONAL RIGHTS.

59.    DEFENDANT'S MRS RACHELLE TERRY, AND ROBERT E. COLVILLE,
KIMBERKELEY CLARK, STEPHEN A. ZAPPALA JR., MARGARET GOLD,
AND HELEN LYNCH, DR. LAURA FLECK, ARE TRAINED ADMINISTRATOR'S
POLITICIANS AND ACTED AS WITHIN THE INSTANT CASE, DUE TO
THE PRACTICE OF DESCRIMINATION, PREJUDICE, WITHOUT AN ADQUATE,
LEGAL AND/OR PUBLIC INTEREST WITHIN CORRUPT.

DEFENDANT'S FALSE, PERJURIED STATEMENT, TAMPERING WITH EVIDENCE
AND OTHER VIOLATIONS FOR POLITCIANAL GAINS AND/OR PUBLIC
INTEREST WITHIN CORRUPT, FALSE, PERJURIED STATEMENTS, TAMPERING
WITH EVIDENCE, AND OTHER VIOLATION FOR FUNINARY, POLITIVAL
GAINS AND/OR HUMORIUMS.

60.    DEFENDANT'S FALSE, PERJURIED STATEMENT, TAMPERING
WITH EVIDENCE AND OTHER VIOLATIONS FOR POLITCIANAL GAINS
AND/OR PUBLIC INTEREST WITHIN CORRUPT, FALSE, PERJURIED
STATEMENTS, TAMPERING WITH EVIDENCE, AND OTHER VIOLATION
FOR FUNINARY, POLITIVAL GAINS AND/OR HUMORIUMS.

61.    ALL OF THE DEFENDANT'S ARE GUILTY OF DECRIMINATION,
TAMPERING WITH OFFICIAL DOCUMENTS ABUSE OF OFFICE,PERJURY
WHICH AMOUNTS TO FRAUD, ALSO DELIBERATE INDIFFERENCE, EQUAL
PROTECTION, CRUEL AND UNUSAL PUNISHMENT, AND CONSPIRACY.

62.    WHEREFORE, PLAINTIFF SEEKS COMPENSATORY DAMAGES FOR
THEIR ACT'S /ACTIONS, AND/OR INACTIONS, PUTIVE DAMAGES FOR
MALICIOUS, CALIOUS, INTENTIONAL ACT'S/ACTION'S AND GARNISHMENT
OF WAGES, ASSETS, PROPERTY, AND REAL PROPERTY OF EACH DEFENDANT
INDIVIDUALLY.

63.    EACH DEFENDANT HAS AND CONTINUES TO PERPETUATE THE
SYSTEMATED ALIKE, WHOM ARE AN/OR HAVE BEEN VIOLATED BY THEIR
ACT'S ACTION/INACTIONS OF INADEQUATE, FRAUDULENT, WHICH
ARE BASED UPON COLOR.

64.    COURT REQUIRES A SHOWING THAT AN OFFICER OF THE COURT
WHOSE JUDGMENT IS UNDER ATTACK IN A MANNER THAT IS INTENTIONALLY
FALSE, WILLFULLY BLIND TO THE TRUTH OR IS IN RECKLESS DISREGARD
FOR THE TURTH **CHAMBERS V. NASCE INC.,** 501 U.S. 32, 44, 111
S.Ct. 2123, 115 L.Ed 27 (1991)quoting **HAZEL-ATLAS GLASS
CO. V. HARTFORD-EMPIRE CO.,** 322 U.S. 238, 245, 64 S.Ct.997,
88 L.Ed 1250 (1994).

65.    ANTITERRORISM AND EFFECTIVE PENALTY ACT'S GATEKEEPING
RESTRICTIONS ON SECOND OR SUCCESSIVE HABEAS CORPUS PETITION
DO NOT VIOLATE SUPENSION CLAUSE; SUCH U.S.C.A. CONST. ART.
1, § CL 2; 28 U.S.C.A. § 2244(b)(3)(a) SEE, **CALDERON V. THOMPSON,**
523 U.S. 538, 556-557, 118 S.Ct. 1489, 140 L.Ed. 2d 728(1989).

## RELIEF

**WHEREFORE,** FOR THE SPECIFIC REASONS STATED IN LIGHT OF INDISPUTABLE
MATERIAL FACTS, CLEAR AND CONVINCING EVIDENCE IN SUPPORT
THEREOF AND LEGAL AUTHORITIES THERETO, YOUR PLAINTIFF RESPECTFULLY
THAT HIS COMPLAINT AND AMENDED COMPLAINT AND REQUEST FOR
FEDERAL HABEAS CORPUS PETITION BE GRANTED UNDER ANTITERRORISM
AND EFFECTIVE DEATH PENALTY ACT (AEDPA), AND APPOINTMRNT
OF COUNSEL BE GRANTED, (1) A CREDIBLE SHOWING THAT THE DISTRICT
COURT'S PROCEDURAL RULING WAS INCORRECT, AND (2) A SUBATANTIAL
SHOWING THAT THE UNDERLYING HABEAS PETITION ALLEGES A DEPRIVATION
OF CONSTITUTIONAL RIGHTS 28 U.S.C. § 2253(C) AND BECAUSE
OF PLAINTIFF APPARENT EVIDENCE ON THE FACE OF THE RECORD
OF HIS INNOCENCE OF CRIMES CHARGED AT **COM. V. THOMAS L. TERRY,** SUPRA,.

AND THAT PLAINTIFF BE GRANTED AN EVIDENTARY HEARING ON HIS
CROUND 1-65 OF THE COMPLAINT IN QUESTION, WHEREIN HE HAS
ALLEGED FACTS WHICH, IF PROVED AND INVESTIGATED WOULD REQUIRED
TO ESTABLISH THE TRUTH OF HIS FACTUAL ALLEGATIONS AS THE
COURT DECLARED IN HARRIS V. PULLEY, 852 F.2d 1546 (9TH CIR.1988),
cf. JACKSON V. VIRIGINA, 443 U.S. 307, 318 (1979)("A FEDERAL
COURT HAS A DUTY TO ASSISS THE HISTORIC FACTS TO A CONVICTION
OBTAINED IN STATE COURT"). THAT PLAINTIFF APPLICATION FOR
APPOINTMENT OF COUNSEL BE GRANTED, THAT YOUR PLAINTIFF BE
GRANTED ANY AND ALL OTHER RELIEF THIS HONORABLE COURT DEEMS
HE IS ENTITLED TO IN THE INTEREST OF THE EFFECTIVE AND EXPEDITIOUS
ADMINISTRATION OF JUSTICE AND THE BUSINESS OF THIS COURT
WITHIN THE MEANING OF 28 U.S.C. § 322(b)(3).
THAT APPROPRIATE SANCTION BE IMPOSED ON COUNSEL(S) OF THE
DISTRICT ATTORNEY OFFICE.


DATED  _4-4-08_.


RESPECTFULLY SUBMITTED
/S/  _Thomas L. Terry_
THOMAS L. TERRY, PRO SE
801 BUTLER PIKE
MERCER, PA. 16137-9651

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

THOMAS L. TERRY,
      PLAINTIFF,

   VS.

CITY OF PITTSBURGH AND ROBERT E.
COLVILLE; KIMBERKELEY; STEPHEN A.
ZAPPALA JR.; RONALD WADDY; JAMES
MCGREGOR; JAMES HEYL; HELEN LYNCH;
MARGARET GOLD; LESTER G. NAUHAUS;
SHELLEY STARK; CANDACE CAIN;
FRANCIS CAIAZZA; DONETTA W. AMBROSE;
RACHELLE TERRY; LAURA FLECK; IN THEIR
INDIVIDUAL AND PERSONAL CAPACITIES ARE BEING S
ARE BEING SUED.

CIVIL ACTION NO. 08-192

JURY TRIAL DEMANDED

AMENDED COMPLAINT

VERIFICATION

I THOMAS L. TERRY, HEREBY STATES THAT HE IS PLAINTIFF IN THIS ACTION AND
ACTION AND STATEMENTS OF FACTS MADE IN THE FOREGOING COMPLAINT
AND AMENDED COMPLAINT ARE TRUE AND CORRECT UPON PERSONAL
KNOWLEDGE TO THE BEST OF HIS INFORMATION AND BELIEF. THE
UNDERSIGNED UNDERSTANDS THAT THE STATEMENTS HEREIN ARE MADE
SUBJECT TO THE PENALTIES OF 18 PA. CONS. STAT. ANN. § 4902
RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

DATED: 4-4-08                    ,

CC:
DONETTA W. AMBROSE
3280 POST OFFICE, COURTHOUSE
700 GRANT STREET
PITTSBURGH, PA. 15219

(S) *Thomas L. Terry*

THOMAS L. TERRY, PRO SE
#NO.EJ-2540
801 BUTLER PIKE
MERCER, PA. 16137-9651